IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDOLFO ORTEGA, JR.,

        Plaintiff,               No.  2:11-cv-03391KJN P

    vs.

ARAMARK, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff, who is incarcerated at Solano County Main Jail, proceeds in this civil rights action without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1), and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  The court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1  allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6  as true the allegations of the complaint in question,  id., and construe the pleading in the light

7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8         Plaintiff's one-paragraph claim alleges that an Aramark[1] "worker," named

9  "Elmar," refused to give plaintiff an "i-care package," allegedly because plaintiff was housed in

10  administrative segregation, yet the following week gave a similar package to another inmate

11  housed in administrative segregation.  Plaintiff alleges that this conduct was "unfair," and

12  discriminated against plaintiff, although he does not allege a basis for the discrimination.

13  Plaintiff seeks $2000 damages as compensation for his "sufering, undo heartship, stress, and

14  duress" (sic).  (Dkt. No. 1 at 3.)

15         These allegations fail to state a cognizable civil rights claim.  The complaint fails

16  to indicate whether the subject care package was plaintiff's putative property, sent to him by a

17  third party, or whether it was a package routinely given by Aramark or Solano County Jail to jail

18  inmates who are not in administrative segregation; the complaint also fails to indicate whether an

19  existing policy governed the distribution of such packages.  In addition, the complaint fails to

20  identify any basis for the alleged discrimination.  Even if the complaint stated a potentially

21  cognizable claim for relief, plaintiff's failure to identify defendant "Elmar," by his first and last

22  name, renders service of process impracticable.

23         Plaintiff is informed of the following legal considerations.  Local governmental

24

25

---

26       [1]  Aramark is a corporation that provides contracted services to correctional institutions.

3

1   units, such as counties, are considered "persons" within the meaning of Section 1983.[2]   See Will

2   v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989); Monell v. New York City Dept. of

3   Social Servs., 436 U.S. 658, 690-91 n.54 (1978), and related text.  In addition, employees of a

4   private entity hired by a county to provide services to jail inmates are generally considered to act

5   under color of state law, and may be subject to liability under Section 1983.  See e.g. West v.

6   Atkins, 487 U.S. 42, 55-56 (1988) (medical care); Ancata v. Prison Health Services, Inc., 769

7   F.2d 700, 704-06 (11th Cir. 1985) (same); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d

8   826, 835-36 (9th Cir. 1999) (whether private conduct constitutes state action is a "necessarily

9   fact-bound inquiry") (citations omitted).  However, "a local government [or contracted service

10  provider] may not be sued under § 1983 for an injury inflicted solely by its employees or agents.

11  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers

12  or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury

13  that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694.

14           "A plaintiff may . . . establish municipal liability by demonstrating that (1) the

15  constitutional tort was the result of a longstanding practice or custom which constitutes the

16  standard operating procedure of the local government entity; (2) the tortfeasor was an official

17  whose acts fairly represent official policy such that the challenged action constituted official

18  policy; or (3) an official with final policy-making authority delegated that authority to, or ratified

19  the decision of, a subordinate."  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citation and

20  internal quotation marks omitted).  Thus, a plaintiff may establish, under Section 1983, the

21  liability of a local governmental entity by showing that the alleged "constitutional violation

22  resulted from:  (1) an employee acting pursuant to an expressly adopted official policy; (2) an

23  employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a

24

---

25  [2]  In contrast, local governmental agencies, such as the Solano County Jail, are not
    "persons" within the meaning of Section 1983.  See e.g. United States v. Kama, 394 F.3d 1236,
26  1240 (9th Cir. 2005).

1   final policymaker." <u>Delia v. City of Rialto</u>, 621 F.3d 1069, 1081–82 (9th Cir.2010) (as

2   amended).

3           However, "a municipality [or a contracted service provider] cannot be held liable

4   under § 1983 on a respondeat superior theory." <u>Monell</u>, <u>supra</u>, 436 U.S. at 691.  "Liability under

5   section 1983 arises only upon a showing of personal participation by the defendant.  A supervisor

6   is only liable for constitutional violations of his subordinates if the supervisor participated in or

7   directed the violations, or knew of the violations and failed to act to prevent them.  There is no

8   respondeat superior liability under section 1983." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.

9   1989) (citations omitted); <u>see</u> <u>also</u> <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir.1989).

10          Additionally, "[p]roof of a single incident of unconstitutional activity is not

11  sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was

12  caused by an existing, unconstitutional municipal policy, which policy can be attributed to a

13  municipal policymaker.  Otherwise the existence of the unconstitutional policy, and its origin,

14  must be separately proved.  But where the policy relied upon is not itself unconstitutional,

15  considerably more proof than the single incident will be necessary in every case to establish both

16  the requisite fault on the part of the municipality, and the causal connection between the 'policy'

17  and the constitutional deprivation." <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 (1985)

18  (fns. omitted).

19          Plaintiff is further informed that, while an authorized, intentional deprivation of

20  personal property is actionable under the Due Process Clause, neither the unauthorized

21  intentional, nor negligent, deprivation of property by a government employee or agent violates

22  due process if a meaningful postdeprivation remedy is available.  <u>Hudson v. Palmer</u>, 468 U.S.

23  517, 532 n.13 and related text, 533 (1984).

24          For these reasons, the court finds the allegations in plaintiff's complaint so vague

25  and conclusory that it is unable to determine whether the current action is frivolous or states a

26  potential claim for relief.  The complaint does not contain a plain statement as required by Fed.

R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  See also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 3) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

6

1  herewith.

2          3.  Plaintiff's complaint (Dkt. No. 1) is dismissed.

3          4.  Within thirty days from the date of this order, plaintiff shall complete the

4  attached Notice of Amendment and submit the following documents to the court:

5          a.  The completed Notice of Amendment; and

6          b.  An original and one copy of the Amended Complaint.  Plaintiff's

7          amended complaint shall comply with the requirements of the Civil Rights

8          Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

9          The amended complaint must bear the docket number assigned to this case

10          and be labeled "Amended Complaint."

11          5.  Failure of plaintiff to file an amended complaint in accordance with this order

12  will result in a recommendation that this action be dismissed.

13  DATED:  March 29, 2012

14

15

KENDALL J. NEWMAN
16  UNITED STATES MAGISTRATE JUDGE

17  orte3391.14new.kjn

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUDOLFO ORTEGA, JR.,

11              Plaintiff,                    No.  2:11-cv-03391KJN P

12        vs.

13   ARAMARK, et al.,                    <u>NOTICE OF AMENDMENT</u>

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____        Amended Complaint

19

20

21

22   Date _____        Plaintiff _____

23

24

25

26